IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL LANE | § | |
| v. | § | CIVIL ACTION NO. 6:17cv504 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING MOTION TO ALTER OR AMEND THE JUDGMENT

The Petitioner Michael Lane, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of a classification and housing change during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Lane is serving two consecutive life sentences for aggravated sexual assault of a child. He had to serve 10 years before becoming eligible for a promotion from medium custody (G-3) to minimum custody (G-2). In December of 2012, he was promoted to minimum custody.

However, in September of 2016, Lane was demoted back to medium custody. He states he was told this was done pursuant to Senate Bill 341, which Lane described as "a repealed and deleted legislative bill." As a result of the bill, Lane contends he is being classified under the "Life Without Parole" guidelines, even though he was not sentenced to life without parole.

Under these guidelines, Lane contends he cannot seek rehabilitation or a safer housing area. He asserts that similarly situated prisoners are allowed to remain in minimum custody and states that he is a "writ writer" who provides legal advice to many other prisoners.

1

According to the response to Lane's Step Two grievance, Senate Bill 341 changed the way that consecutive sentences are calculated. Instead of totaling the sum of all of the consecutive sentences, prisoners are required to serve the sentences consecutively, with a separate parole review for each of the sentences. The grievance response stated that the TDCJ administration determined that prisoners who must serve a minimum of 60 years of calendar time before they are eligible for release are serving the equivalent of life without parole. Prisoners serving life without parole cannot be promoted above G-3 for the duration of their incarceration. Because Lane is serving two consecutive life sentences, he must serve 60 years of calendar time before he is eligible for relief, so the grievance response stated that his G-3 classification was proper.

Lane challenged this decision through this federal habeas corpus petition. After reviewing this petition, the Magistrate Judge issued a Report recommending that relief be denied. The Magistrate Judge determined that Lane lacked a liberty interest in his classification status and that remaining in G-3 status rather than being promoted to G-2 status was not an atypical or significant hardship in relation to the ordinary incidents of prison life. The Magistrate Judge also concluded that: Lane failed to show an equal protection violation; Lane would be 101 years old when eligible for parole and so there was no error in treating his sentence as the functional equivalent of life without parole even if he had a liberty interest in his classification status, which he does not; and the fact that Lane cannot get into the housing areas he prefers or take the educational classes he wants to take did not set out a constitutional violation.

In his objections to the Magistrate Judge's Report, Lane asserted that he had been subjected to a violation of double jeopardy and to an *ex post facto* violation because the rule regarding eligibility for promotion to minimum custody changed after his conviction. He identified a prisoner named Leslie George Cantrell whom he says has two consecutive life sentences but is in minimum custody, which Lane claimed showed an equal protection violation. Lane also complained the Magistrate Judge made no findings that his reclassification was the result of a disciplinary case or bad behavior and that he did not consent to have the Magistrate Judge review his case.

This Court conducted a *de novo* review of Lane's petition, the Magistrate Judge's Report, and Lane's objections. On such *de novo* review, the Court determined that neither the Double Jeopardy Clause nor the *Ex Post Facto* Clause were applicable to changes in custodial status and that the on-line records of TDCJ did not reflect that Cantrell was serving consecutive life sentences. The Court also stated that Lane was not reclassified as a means of punishment, but that Texas law did not grant him any protected liberty or property interest regardless of whether Senate Bill 341 had been repealed or modified. The Court stated that the fact Lane could not live in his preferred housing or attend the rehabilitation classes he wished to take did not implicate a liberty interest and that consent is not required for a referral of pre-trial matters to the Magistrate Judge. The Court thus concluded that Lane's objections lacked merit and dismissed the petition.

**II. The Motion to Alter or Amend the Judgment and the Magistrate Judge's Report**

Following the dismissal of his petition, Lane filed a motion to alter or amend the judgment in accordance with Fed.R. Civ. P. 59(e). In this motion, Lane argued that prison officials did not have the authority to increase his original sentence, nor did they have the authority to "enact and enforce a deleted Legislature law" and impose that law against him. He further contended that he had a due process right not to be subjected to "illegal makeshift and kangaroo courts" by prison officials imposing and enforcing criminal sentences. He again pointed to Cantrell, saying he had shared a cell with Cantrell and discussed the case with him, but offered no evidence that Cantrell was similarly situated to him in that Cantrell was also serving consecutive life sentences.

After reviewing Lane's motion to alter or amend the judgment, the Magistrate Judge issued a Report recommending that the motion be denied. The Magistrate Judge stated that Lane did not show an intervening change in controlling law and did not present any newly discovered evidence, nor did he identify any manifest errors of law or fact which must be corrected. With regard to Lane's specific objections, the Magistrate Judge determined that Lane did not show his original sentence had been increased by anyone. The 1987 law to which Lane refers as Senate Bill 341 deals

with the method of calculating consecutive sentences, and this law has not been repealed but remains in effect (now codified at Tex. Gov. Code §508.150(c)(1)).

The Magistrate Judge stated that TDCJ-CID's treating Lane's two consecutive life sentences and the requirement that he wait 60 calendar years before becoming eligible for parole as the equivalent of life without parole is not a constitutional violation. The fact that Lane was once placed in minimum custody did not give him any constitutional expectancy or liberty interest that this status would continue. The Magistrate Judge further stated that Lane's reclassification to medium custody was not an atypical or significant hardship and that Lane offered nothing to suggest that the TDCJ-CID policy was applied to him because he was known as a "writ writer." Finally, the Magistrate Judge rejected Lane's claim of an equal protection violation, noting that Lane had offered nothing to show that Cantrell was similarly situated to him; the TDCJ online records list Cantrell's sentence as "life sentence," while Lane's sentence is listed as "life sentence - cumulative offenses." The Magistrate Judge thus recommended that Lane's motion to alter or amend the judgment be denied.

### III. Lane's Objections to the Magistrate Judge's Report

In his objections, Lane asserts that "the Court agrees that the Coffield Unit's Classification have imposed a greater sentence and punishment than he received at his jury trial," and goes on to pose the question of whether the unit's classification department has legal authority to impose a greater sentence and punishment which was not imposed by the criminal trial court. This Court made no such determination, and in fact stated the opposite - a change in custodial status does not amount to an increase in the measure of punishment for purposes of the *Ex Post Facto* Clause, nor is it a second punishment for purposes of the Double Jeopardy Clause. *Welch v. Epps*, 103 F.App'x 828, 2004 WL 1690139 (5th Cir., July 26, 2004), *citing Garner v. Jones*, 529 U.S. 244, 249-50, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000); *see also Hudson v. United States*, 522 U.S. 93, 98-99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997) *and United States v. Galan*, 82 F.3d 639, 640 (5th Cir. 1996). This objection is without merit.

4

Lane next claims that the Court implied he was reclassified under "Jessica's Law," the informal name given to a Texas law which enhances penalties for repeat sexual offenders, eliminates the statute of limitations for certain sexual offenses, establishes a minimum 25-year sentence for aggravated sexual assault of a child under the age of 6 or violent aggravated sexual abuse of a child under the age of 14, and creating the offense of continuous sexual abuse of a child. *See* House Bill 8, 80th Leg.; Allen Place, *Legislative Update*, 70 Tex. B.J. 676, 677 (2007). None of the provisions of Jessica's Law are relevant to Lane's claims.

After again arguing incorrectly that the Court determined the Coffield Administration had authority to impose a new criminal offense against him, Lane argues that he would be eligible for parole in the year 2032, on the only conviction presently before the Texas Board of Pardons and Paroles. However, because he is serving consecutive sentences, the designation of his eligibility date for parole on his first sentence simply causes his second sentence to commence. *See* Tex. Gov. Code §508.150(a), (b)(2). Because Lane must serve 30 calendar years before becoming eligible for parole on each sentence, the completion of the first 30 calendar years causes the second 30 years to start to run. As the Magistrate Judge correctly determined, Lane must serve a total of 60 calendar years before becoming eligible for release on parole. His objection on this point is without merit.

Lane argues Cantrell's sentence exceeds his own but states Cantrell is "enjoying all benefits that Lane, at one time, enjoyed." He complains he has been housed in "gang infested environment housing" while Cantrell has better housing and more privileges. Lane offers nothing to show that Cantrell's sentence exceeds his own or that Cantrell is serving consecutive sentences; as the Magistrate Judge observed, the TDCJ online records show Cantrell is serving a life sentence, while Lane is serving a "life sentence - cumulative offenses." Lane's speculation that Cantrell may be similarly situated to him is not sufficient to show an equal protection violation. *Clark v. Owens*, 371 F.App'x 553, 2010 U.S. App. LEXIS 6639, 2010 WL 1286867 (5th Cir., March 31, 2010) (conclusory assertions that prisoner was treated differently than other similarly situated inmates are

insufficient to state an equal protection claim), *citing Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986). Lane's objections are without merit.

**IV. Conclusion**

The Court has conducted a careful *de novo* review of the pleadings in this case, including the Plaintiff's motion to alter or amend the judgment, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 20) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's motion to alter or amend the judgment (docket no. 19) is **DENIED**. Fed. R. Civ. P. 59(e).

**So Ordered and Signed**
**Feb 18, 2019**

_____
Ron Clark, Senior District Judge